**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on October 03, 2007, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: October 03, 2007**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

_____

# United States Bankruptcy Court
## NORTHERN DISTRICT OF OHIO

In re: Robert Gene Pope ) Chapter 13 Case No. 07-11407-H
) Hon. Arthur I. Harris
Debtor )

### CONFIRMATION ORDER

The Chapter 13 plan in this case came on for confirmation at a hearing before the Court. **A copy of such Plan, together with any applicable amendments or modifications (the "Plan"), is attached to this Order.** Based upon the papers filed in this case, information presented by the Standing Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by the debtor (or the debtors in a joint case) (the "Debtor"), Debtor's counsel, any objector or any other interested party, the Court finds that:

1. Notice of the confirmation hearing was duly given.
2. The Plan complies with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").
3. Any fee, charge or amount required under Chapter 123 of Title 28 of the United States Code or by the Plan, to be paid before confirmation has been paid.
4. The Plan has been proposed in good faith and not by any means forbidden by law.
5. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.
6. The Plan complies with all other applicable requirements of section 1325 of the Bankruptcy Code.
7. To the extent, if any, that the Plan provides for payments over a period longer than three years, the Court for cause approves payment for such period but in no event longer than five years.

IT IS THEREFORE ORDERED THAT:

1. The Plan is confirmed.
2. The Debtor shall, until further order of the Court, make the periodic payments called for in the Plan to the Trustee. Except as otherwise permitted, such payments shall be made pursuant to order of the Court on the Debtor's employer.
3. Secured creditors shall retain their liens. If this case is either dismissed or converted to a Chapter 7 case, the property vesting in the Debtor by reason of this confirmation order shall remain subject to the liens existing at the time of the filing of the case subject to adjustments in respect of amounts paid under the Plan.
4. The Debtor shall not incur additional debt exceeding $500 in the aggregate without notice to the Trustee and the approval of the Court.
5. The Debtor shall not transfer any interest in real property without the Court's approval.
6. The attorney for the Debtor is allowed a total fee of $**____, of which $**____ has been paid. The balance of $**____ shall be paid by the Trustee from the monies received under the Debtor's Plan at the rate of one-sixth of the balance due per month during the first year of the Plan.
7. The administrative expenses of the Trustee shall be paid in full pursuant to sections 503(b) and 1326(b)(2) of the Bankruptcy Code and 28 U.S.C. § 586(e)(1)(B).

By submitting this form, the Chapter 13 Trustee certifies that the wording of this form is identical in all respects to the official form.

**\*\* The fee structure cannot be determined from the filed Rights and Responsibilities.**

Submitted by:
/S/ Craig Shopneck
CRAIG SHOPNECK (#0009552)
Chapter 13 Trustee
200 Public Square, BP Tower Suite 3860
Cleveland OH 44114-2321
Phone (216) 621-4268     Fax (216) 621-4806
Ch13shopneck@ch13cleve.com

## CERTIFICATE OF SERVICE

A copy of the foregoing Order was sent electronically and/or by regular U.S. mail to the following:

Craig Shopneck, Trustee
200 Public Square, BP Tower Suite 3860
Cleveland OH 44114-2321
VIA MAILBOX AT COURT

Priscilla Schnittke, Attorney for Debtor
Knevel & Assoc Co Lpa
629 Euclid Ave #519
Cleveland OH 44114-3003

Robert Gene Pope, Debtor
6407 Lafayette Blvd.
Independence OH 44131-0000

CS/bas
10/02/07

###

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| IN RE: | ) | |
| --- | --- | --- |
| | ) | Case No.: 07-11407 |
| Robert Pope | ) | Chapter 13 |
| | ) | Hon. Arthur I. Harris |
| Debtor. | ) | |

## MOTION TO AMEND PLAN PRIOR TO CONFIRMATION

1. Debtor hereby moves this Honorable Court for its order approving his Amended Chapter 13 Plan attached hereto as "Exhibit B".

2. In support of this motion debtor states that he is amending his plan per the Trustee's recommendations.

Respectfully submitted,

*/s/ Priscilla A. Schnittke*
MARK H. KNEVEL & ASSOCIATES
Mark H. Knevel, 0029285
Priscilla A. Schnittke, 0040508
Attorneys for Debtor
629 Euclid Avenue, Suite 519
Cleveland, Ohio 44114
(216) 623-1901
FAX 523-7801
Email: pschnittke/@knevel.com

## CERTIFICATION

The undersigned, attorney for debtor herein, hereby certifies that on the 17th day of May, 2007, a copy of the Motion to Amend Plan was forwarded to each of the following by ordinary US Mail, unless otherwise indicated:

       U.S. Trustee
       (electronic filing)

       Craig Shopneck, Chapter 13 Trustee
       (electronic filing)

       Robert Pope
       6407 Lafayette Blvd.
       Independence, OH 44131

       All scheduled creditors
       As per attached Exhibit A

                                      */s/ Priscilla A. Schnittke*
                                      KNEVEL & ASSOCIATES CO LPA
                                      Mark H. Knevel, 0029285
                                      Priscilla A. Schnittke, 0040508

Bank of New York
5401 North Beach St.
Fort Worth, TX 76137

Bank of New York
c/o Shapiro & Felty, L.L.P.
1500 West Third Street
Cleveland, OH 44113

Capital 1 Bk
11013 W Broad St
Glen Allen, VA 23060

Catherine Pope
9253 Clay Road
Houston, TX 77080

Chase
800 Brooksedge Blvd
Westerville, OH 43081

Citibank
Po Box 6241
Sioux Falls, SD 57117

Countrywide Home Loans
P.O. Box 660694
Dallas, TX 75266-0694

Countrywide Home Loans*
P.O. Box 5170
Simi Valley, CA 93062-5170

First Merit Bank
106 S Main St
Akron, OH 44308

Ford Motor Credit Company*
Attn: Bankruptcy
P.O. Box 17948
Greenville, SC 29606

Hfc - Usa
Pob 1547
Chesapeake, VA 23327

Household Realty
841 Seahowk Circle
Virginia Beach, VA 23452

HSBC
c/o NCO Financial
Dept 64
Mail drop 52
Atlanta, GA 30340

HSBC
c/o The Bureaus, Inc.
35353 Eagle Way
Chicago, IL 60678-1353

HSBC
Payment Center
PO Box 5241
Carol Stream, IL 60197-5241

Hsbc Nv
Pob 19360
Portland, OR 97280

James Rokakis
Cuyahoga County Treasurer
1219 Ontario Street
Cleveland, OH 44113

Lowes/mbga
Po Box 103065
Roswell, GA 30076

Mcydsnb
9111 Duke Blvd
Mason, OH 45040

Mortgage Electronic Registration
3300 SW 34th Street
Ocala, FL 34474

Nationwide Mutual Insurance Co.
PO Box 8379
Canton, OH 44711

The Cleveland Clinic Foundation
P.O. Box 73662
Cleveland, OH 44193-1273

Washmtl/prov
Pob 660509
Dallas, TX 75266

Wf Fin Bank
3201 North 4th Ave
Sioux Falls, SD 57104

EXHIBIT A

# IN THE BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO - EASTERN DIVISION

IN RE: )
                                        ) Chapter 13 Case No. 07-11407
**Robert Pope** )
                                        ) Judge Arthur I. Harris
     **Debtor(s).** )
                                        ) \_\_ Original Chapter 13 Plan
                                        ) X   Modified Chapter 13 Plan,
                                        )       dated May 17, 2007

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE:**    (check One)
       X    This plan does not include any provision deviating from the uniform plan in effect at the time of the filing of this case.
      \_\_   This plan DOES contain special provisions that must be and are set forth in Article 11 below.

**YOUR RIGHTS WILL BE AFFECTED.** You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file with the court a timely written objection. This plan may be confirmed and become binding without further notice of hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the court in order to receive distributions under this plan**

---

1. **PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. section 1326(a)(1), as follows:

A.    To the Chapter 13 Trustee (hereinafter "Trustee"): **$1,124.61** [A] per month, payable in
      \_\_ monthly     \_\_semi-monthly    \_\_ bi-weekly    X weekly   installments of **$240.31** each,
      **and**, unless the court otherwise orders,

B.    To secured creditors as adequate protection: **$397.13** [B] per month, allocated as follows:

| Creditor | Collateral | Amount |
|---|---|---|
| Ford Motor Credit | 2000 BMW | $397.13 |

Prior to confirmation, the Debtor shall provide the Trustee with evidence of post-petition payments made by the Debtor to secured creditors as adequate protection payments and to lessors as lease payments.

Upon confirmation of this plan, the Debtor shall make the entire Monthly Plan Payment of **$1,124.61** [A + B] to the Trustee.

2.    **ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (1) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Articles 3, 4 and 9; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. section 507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. section 507(a);

EXHIBIT B

and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may pay secured creditor claims on a pro-rata basis. Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court otherwise orders, distributions on account of claims in Articles 3(A), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather that any classification or amount stated in this plan.

3. **CLAIMS SECURED BY REAL PROPERTY**
A. **Mortgage and Real Estate Tax Arrearages**
Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated arrearage Claim | Monthly payment (Paid by Trustee) |
|---|---|---|---|
| Bank of New York | 6407 Lafayette Blvd. Independence, OH 44131 | $24,441.82 | $ 407.36 |
| Countywide Home Loans | 6407 Lafayette Blvd. Independence, OH 44131 | $ 7,015.00 | $ 116.92 |
| James Rokakis | 6407 Lafayette Blvd. Independence, OH 44131 | $ 1,357.89 | $ 22.63 |

B. **Other Real Estate Claims**
Trustee shall pay the monthly payment amount to creditors up to the amount specified below to be paid through the plan. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim.

| Creditor | Property Address | Amount to be paid Through the plan | Interest Rate | Monthly payment (Paid by Trustee) |
|---|---|---|---|---|
| N/A | | | | |

4. **CLAIMS SECURED BY PERSONAL PROPERTY**
A. **Secured Claims to be Paid in Full Through the Plan:**
Trustee shall pay the following claims in full and in equal monthly payments:

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly payment (Paid by Trustee) |
|---|---|---|---|---|
| Ford Motor Credit | 2000 BMW | $19,586.00 | 8% | $397.13 |

B. **Secured Claims NOT to be Paid in Full Through the Plan:**
Claims specified below are debts secured by personal property not provided for in Article 4(A) above. Trustee shall pay the allowed claims the secured amount with interest and in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding pursuant to 11 U.S.C. section 1327 unless a timely

written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | Secured Amount | Interest Rate | Monthly payment (Paid by Trustee) |
|---|---|---|---|---|
| N/A | | | | |

5. **DOMESTIC SUPPORT OBLIGATIONS**

Debtor ___ does    X does not    have domestic support obligations pursuant to 11 U.S.C. section 101(14A)

<u>If the Debtor does have domestic support obligations:</u>
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. section 1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. section 112.

| Holder Name | Address and telephone |
|---|---|
| N/A | |

Trustee shall pay pursuant to 11 U.S.C. section 507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payment ordinarily come due.

| Creditor name | Creditor address | Estimated arrearage claim |
|---|---|---|
| N/A | | |

6. **OTHER PRIORITY CLAIMS**

Trustee shall pay pursuant to 11 U.S.C. section 507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim amount |
|---|---|
| N/A | |

7. **GENERAL UNSECURED CLAIMS**

Debtor estimates the total of the non-priority unsecured debt to be $57,743.48. Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of $2,887.17 or 5 %, whichever is greater.

8. **PROPERTY TO BE SURRENDERED**

Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property description |
|---|---|
| N/A | |

## 9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property description | Estimated arrearage claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| N/A | | | |

## 10. OTHER PLAN PROVISIONS

(a) Property of the estate shall revest in the Debtor __ upon confirmation. X upon discharge, dismissal or completion. If the Debtor has not marked one of the boxes, property of the estate shall revest in the Debtor upon confirmation. If the Debtor has elected to have property of the estate revest in the Debtor upon Discharge or dismissal, the Debtor must maintain adequate insurance of all property in the estate. Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case.

(b) The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, pursuant to 11 U.S.C. section 1327. Therefore, if a creditor or contract party named herein objects to this plan, including the valuation of security, interest to be paid, and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be timely filed with the court.

(c) This plan incorporated 11 U.S.C. section 1325 (a) (5)(B)(i) with respect to each allowed secured claim provided for by this plan.

(d) Notwithstanding the automatic stay, creditors and lessors provided for in Articles 3(A) and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

(e) Debtor shall not transfer any interest in real property or incur additional debt exceeding $500 in the aggregate without prior notice to the Trustee and without first obtaining the approval of the court as stated in applicable Administrative Orders. Failure to comply with the provisions of this paragraph may lead to the dismissal of this case or the conversion of this case to Chapter 7.

## 11. SPECIAL PROVISIONS

This plan shall include the provisions set forth in the boxed area below. **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding Article 1.**

/s/ Robert Pope

DEBTOR

/s/ Priscilla Schnittke

ATTORNEY FOR DEBTOR

Date: May 17, 2007